UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

GROUP 41 Cases As Follows:

UNITED STATES OF AMERICA,

    Plaintiff,

v.

| | |
|---|---|
| 1.25 ACRES OF LAND, MORE OR LESS, IN THE COUNTY OF DADE, STATE OF FLORIDA, et al., | 01-0851-CIV-ZLOCH/DUBÉ<br>TRACT NO. 105-25 |
| 1.36 ACRES OF LAND, MORE OR LESS, IN THE COUNTY OF DADE, STATE OF FLORIDA, et al., | 01-2092-CIV-ZLOCH/DUBÉ<br>TRACT NO. 550-41 |
| 5.00 ACRES OF LAND, MORE OR LESS, IN THE COUNTY OF DADE, STATE OF FLORIDA, et al., | 01-2187-CIV-ZLOCH/DUBÉ<br>TRACT NO. 509-22 |
| 1.25 ACRES OF LAND, MORE OR LESS, IN THE COUNTY OF DADE, STATE OF FLORIDA, et al., | 01-3379-CIV-ZLOCH/DUBÉ<br>TRACT NO. 149-23 |
| 0.93 ACRES OF LAND, MORE OR LESS, IN THE COUNTY OF DADE, STATE OF FLORIDA, et al., | 01-3392-CIV-ZLOCH/DUBÉ<br>TRACT NO. 215-05 |
| 1.47 ACRES OF LAND, MORE OR LESS, IN THE COUNTY OF DADE, STATE OF FLORIDA, et al., | 01-4051-CIV-ZLOCH/DUBÉ<br>TRACT NO. 126-31 |
| 1.25 ACRES OF LAND, MORE OR LESS, IN THE COUNTY OF DADE, STATE OF FLORIDA, et al., | 01-4092-CIV-ZLOCH/DUBÉ ←<br>TRACT NO. 534-16 |
| 2.73 ACRES OF LAND, MORE OR LESS, IN THE COUNTY OF DADE, STATE OF FLORIDA, et al., | 01-4354-CIV-ZLOCH/DUBÉ<br>TRACT NO. 528-17 |

| | |
|---|---|
| 1.36 ACRES OF LAND, MORE OR LESS, IN THE COUNTY OF DADE, STATE OF FLORIDA, et al., | 01-4391-CIV-ZLOCH/DUBÉ<br>TRACT NO. 530-20 |
| 7.86 ACRES OF LAND, MORE OR LESS, IN THE COUNTY OF DADE, STATE OF FLORIDA, et al., | 01-4457-CIV-ZLOCH/DUBÉ<br>TRACT NO. 527-08 |
| 1.50 ACRES OF LAND, MORE OR LESS, IN THE COUNTY OF DADE, STATE OF FLORIDA, et al., | 01-4816-CIV-ZLOCH/DUBÉ<br>TRACT NO. 527-16 |
| 1.23 ACRES OF LAND, MORE OR LESS, IN THE COUNTY OF DADE, STATE OF FLORIDA, et al., | 02-20738-CIV-ZLOCH/DUBÉ<br>TRACT NO. 510-22 |
| 1.50 ACRES OF LAND, MORE OR LESS, IN THE COUNTY OF DADE, STATE OF FLORIDA, et al., | 02-21808-CIV-ZLOCH/DUBÉ<br>TRACT NO. 527-17 |
| 1.50 ACRES OF LAND, MORE OR LESS, IN THE COUNTY OF DADE, STATE OF FLORIDA, et al., | 02-22137-CIV-ZLOCH/DUBÉ<br>TRACT NO. 525-36 |
| 1.25 ACRES OF LAND, MORE OR LESS, IN THE COUNTY OF DADE, STATE OF FLORIDA, et al., | 02-22191-CIV-ZLOCH/DUBÉ<br>TRACT NO. 148-26 |
| 1.59 ACRES OF LAND, MORE OR LESS, IN THE COUNTY OF DADE, STATE OF FLORIDA, et al., | 02-22192-CIV-ZLOCH/DUBÉ<br>TRACT NO. 121-04 |
| 2.30 ACRES OF LAND, MORE OR LESS, IN THE COUNTY OF DADE, STATE OF FLORIDA, et al., | 02-22217-CIV-ZLOCH/DUBÉ<br>TRACT NO. 127-11 |

    Defendants.
_____/

## REPORT OF LAND COMMISSIONERS

The Commission finds that fair market value of the lands taken in these proceedings to be as stated in the "Conclusion" of this Report. The Conclusion also identifies the dates of the Declaration of Taking by the Plaintiff, as reflected in the Court files.

## APPEARANCES

Veronica Harrell James of the U.S. Attorney's Offices for the Southern District of Florida appeared and represented the Plaintiff, the United States of America (sometimes referred to as "the government"). No one appeared on behalf of any of the seventeen (17) record landowners.

## STATEMENT OF PROCEEDING AND EVIDENCE

This case was tried before the Land Commission on April 27, 2007, at the United States District Courthouse, Southern District of Florida, in Miami, Florida.

Prior to the trial, two of the Land Commissioners viewed the expanse of lands or tracts comprising the Everglades' National Park East Everglades Acquisition Project, by helicopter and/or air boats. The tracts of land that we at issue in this proceeding are within this expanse of land. The purpose of the viewing was to aid the Land Commissioners to better understand the evidence that might be introduced at trial by any party. The land area that was viewed by the Land Commissioners was partly covered with water, near level, covered with thinly scattered pine trees, dwarf cypress, and prairie grass.

The seventeen land parcels that are the subject of this proceeding are all located within Miami-Dade County, Florida. All parcels are within the area south of Tamiami Trail (U.S. 41), west of Krome Avenue (S.R. 997), north of Eureka Drive and east of Everglades National Park. Two parcels are within the Management Area known as 2-A. Management Area 2-A is defined

in the Metropolitan Miami-Dade Code as "permanent wetlands". See Sec. 33B-15(b). The other fifteen parcels are within the Management Area known as 3-A. Management Area 3-A is defined in the Metropolitan Miami-Dade County as "Seasonal Wetlands." See Sec. 33B-15(c). None of the seventeen parcels are readily identifiable, nor are any accessible by any roads. Moreover, none have access to any utilities and none have been improved in any way.

Plaintiff introduced documentary evidence that included maps, charts, and photographs. Relevant Miami-Dade Ordinances affecting the use of the subject property were also introduced. All Exhibits that were offered by the Plaintiff were admitted into evidence without objection. Plaintiff called one witness, as part of its case in chief. No witnesses appeared on behalf of any of the landowners.

Plaintiff called as its only witness Robert B. Banting, a Florida State Certified General Real Estate Appraiser whose license number is RZ4-1991. Mr. Banting has both MAI and SRA designations and more than three decades of real estate appraisal experience with extensive experience in the South Florida market. He has previously been accepted as an expert on appraisal matters in numerous judicial proceedings. He was accepted as an expert in this proceeding without objection.

Mr. Banting testified that the parcels at issue are included within the larger land area for which Miami-Dade County enacted significant zoning and land-use restrictions in 1981. The restrictions, which were in place long before the taking of the subject parcels, substantially limited the uses that could be made of all of the subject properties. Those ordinances also increased the required amount of land that would be needed to come within any of the approved development uses. The parcels at issue are subject to substantial federal and state water

regulations, as well as wetland regulations. These state and federal regulations have limited the potential uses for these parcels, and have diminished demand for all tracts in the area where the subject properties are located. In reality, passive recreational use was the only viable use for any of the seventeen parcels at the time of taking.

Mr. Banting reviewed and relied upon tables that showed the annual maximum water depth and total annual rainfall for the subject area. These tables were received in evidence without objection. In Management Area 2-A where two of the parcel are located, the ground is, on average, under water 9 to 12 months of the year. The annual maximum water depth for land in Management Area 2-A is between 1.5 and 2.5 feet. In Management Area 3-A where the remaining fifteen parcels are located, the ground is, on average, under water 3 to 6 months of the year and the annual maximum water depth is between 1.0 and 1.5 feet. All of the parcels have organic soils which retain water throughout the entire year. Moreover, the minimum average rainfall in the area where these parcels are located is approximately 52 inches a year. Notably, all seventeen parcels fall within the definition of "wetlands" set forth in the Miami-Dade County Code.

Mr. Banting explained the methods he employed for appraising land portion of the subject property. He gave his opinion of the highest and best use of the properties, taking into consideration the physical locations, lack of utilities, proximity to roads, as well as the impact that the various regulations and ordinances have had. In addition, he detailed his method and opinion regarding valuation by using the comparable sales approach in appraising these properties.

Mr. Banting used twelve (12) comparables to arrive at his valuation of land for the subject parcels. The per-acre prices of the comparables used by Mr. Banting ranged from $160 at the low end to $1000 at the high end. Based on his analysis of these comparables, Mr. Banting reached an opinion as to the value of the underlying land at the time of the taking. It was Mr. Banting's opinion that all of the parcels had a value of $500 per acre as of the time of the taking.

The Commission accepts Mr. Banting's valuations with respect to all the subject properties. Mr. Banting was an experienced and credible appraiser who diligently performed an appraisal of the subject properties using well recognized industry standards. No landowner appeared to present contrary evidence. The Commission, therefore, had no other evidence before it, and the landowners failed to meet their burden to establish any higher value for their property.

## CONCLUSION

The Commission has been instructed by the Court that each landowner has the burden of proof with respect to establishing the value of the land that has been taken in the Declaration of Taking, and this value must be established by a preponderance of the evidence.

Based upon the evidence presented, and applying the instructions of the Court, the Commission therefor finds that the landowners in this proceeding are entitled to the following:

| Civil No. | Tract No. | Owner's Name | Acreage | Date of Value (Taking) | Value |
|---|---|---|---|---|---|
| 01-851 | 105-25 | Quilin, Nido Olean | 1.25 | 03/01/01 | $650 |
| 02-22192 | 121-04 | Cores, Manuel | 1.59 | 07/24/02 | $800 |
| 01-4051 | 126-31 | Villanueva, Santiago & Delia | 1.47 | 10/01/01 | $750 |
| 02-22217 | 127-11 | Cohen, Herman | 2.30 | 07/25/02 | $1,150 |

| 02-22191 | 148-26 | Barnes, Margaret D. | 1.25 | 07/24/02 | $650 |
| --- | --- | --- | --- | --- | --- |
| 01-3379 | 149-23 | Stewart, William R. & Janet J. | 1.25 | 08/01/01 | $650 |
| 01-3392 | 215-05 | Lawhorne, C. W. (Deceased) | 0.93 | 08/02/01 | $500 |
| 01-2187 | 509-22 | Chang, Sharon | 5.00 | 05/29/01 | $2,500 |
| 02-20738 | 510-22 | Birer Investments Corp. | 1.23 | 03/08/02 | $650 |
| 02-22137 | 525-36 | Ball, John T., Jr. (Deceased) | 1.50 | 07/23/02 | $750 |
| 01-4457 | 527-08 | Katz, Roxana W. | 7.86 | 10/31/01 | $3,950 |
| 01-4816 | 527-16 | Contente, Iliana W. | 1.50 | 11/27/01 | $750 |
| 02-21808 | 527-17 | Levy, S.W. & DeWiesz, C.L. | 1.50 | 06/17/02 | $750 |
| 01-4354 | 528-17 | Doumet, Selim J. | 2.73 | 10/24/01 | $1,400 |
| 01-4391 | 530-20 | Fochs, C.P. & de Prieto, M.S. | 1.36 | 10/25/01 | $700 |
| 01-4092 | 534-16 | Upper Haverford Asset Mgt. Corp. | 1.25 | 10/03/01 | $650 |
| 01-2092 | 550-41 | Silva, J.B. & Fraud, M.T. | 1.36 | 05/24/01 | $700 |

Objections to this report may be filed within twenty (20) days after being served with notice of the filing of the report. If the parties fail to file objections, they may waive their right to appeal the findings.

DATED at Miami-Dade County, Florida this _9_ day of _May_, 2007.

_____
GERALD SILVERMAN

_____
MADELYN LOZANO

_____
KEVIN J. MURRAY

UNITED STATES LAND COMMISSIONERS

222399.14